Whalen, J.
(dissenting). I respectfully dissent because I conclude that plaintiff raised triable issues of fact through the conflicting, and in some respects similar, statements of defendant William E. Lonkey and plaintiff regarding, inter alia, Lonkey’s speed, the distance at which Lonkey first saw the truck in which plaintiff was a passenger, and the time Lonkey had to stop or take evasive action. I would therefore reverse the order, deny defendant’s motion for summary judgment, and reinstate the complaint.
Lonkey stated in an affidavit and testified at his deposition that he was traveling 30 to 35 miles per hour in a 35 mile-per-hour zone and first saw the truck in which plaintiff was a passenger after he rounded the bend, three to four seconds before *1297 impact. Plaintiff testified at his deposition that he first noticed Lonkey’s van before it reached the bushes as it was coming around the bend, when he heard a screech, five or more seconds before impact. The three-, four-, or five-second estimates are similar, and this Court has refused to grant summary judgment to drivers with the right-of-way who had only seconds to react (see e.g. DeBrine v VanHarken, 83 AD3d 1437, 1438 [2011]; Strasburg v Campbell, 28 AD3d 1131, 1132 [2006]; Deshaies v Prudential Rochester Realty, 302 AD2d 999, 1000 [2003]; Lints v Fiore, 302 AD2d 1010, 1010 [2003]).
Lonkey further stated in an affidavit and testified at his deposition that he did not see the truck in which plaintiff was a passenger until it was approximately 10 feet away, at which point he “immediately applied the brakes,” resulting in skid marks. Plaintiff testified at his deposition that the bushes, beyond which he first saw Lonkey, were 20 feet from his position and Lonkey’s skid marks were 20 feet long. Lonkey’s and plaintiff’s 10- to 20-foot estimates are comparable, and those distances do not necessarily foreclose a finding that Lonkey did not act reasonably (see generally DeBrine, 83 AD3d at 1438; Cooley v Urban, 1 AD3d 900, 901 [2003]; Deshaies, 302 AD2d 999; King v Washburn, 273 AD2d 725, 726 [2000]).
Moreover, even assuming, arguendo, that Lonkey was traveling 30 or 35 miles per hour, I conclude that the parties’ time estimates are inconsistent with their estimates regarding the distance at which Lonkey would have first been able to react. If Lonkey and plaintiff saw each other three to five seconds before impact, that would have placed Lonkey well beyond 20 feet and within the 100- to 200-foot range provided by plaintiffs expert. While Lonkey testified that he immediately applied his brakes, plaintiff testified that the skid marks were only 20 feet long. On the other hand, if Lonkey’s and plaintiffs estimates of distance are credited, then Lonkey had only fractions of a second to react. Issues of credibility are to be resolved by the trier of fact (see generally Black v Chittenden, 69 NY2d 665, 669 [1986]), and a jury could find that Lonkey had more than 100 feet to react by honking, steering and/or braking, or that Lonkey had mere fractions of a second to react.
Of course, plaintiff disputes that Lonkey was traveling at or below the speed limit. Plaintiff testified at his deposition that Lonkey was speeding; he was able to observe Lonkey’s van before impact, the length of the skid marks, and the condition of the truck after the accident; and he felt the force of the impact (see Nevarez v S.R.M. Mgt. Corp., 58 AD3d 295, 296-298 [2008]). Lonkey testified that he braked and attempted to steer around *1298 the front of the truck, but it sped up, so he attempted to steer around the back of it. Lonkey “maneuvered pretty quickly” and hit the truck with the corner of his van, indicating that if the truck had stopped, he “would have went right around the front of [it].” Lonkey did not remember sounding his horn. Plaintiff claimed that the driver of the truck in which he was a passenger did not take any action to avoid the collision. Thus, viewing the facts in the light most favorable to plaintiff (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]), I conclude that there are questions of fact concerning Lonkey’s speed and whether Lonkey may have been able to avoid the accident if he had been traveling at a lower speed (cf. Daniels v Rumsey, 111 AD3d 1408, 1410 [2013]). “ ‘[I]ssue-finding, rather than issue-determination, is the key to’ ” determining a summary judgment motion (Wilk v James, 107 AD3d 1480, 1485 [2013]).
Present — Centra, J.P, Peradotto, Lindley, Sconiers and Whalen, JJ.